Michael J. Best, Esq.
BEST LAW OFFICES, P.C.
425 Third Avenue North
P.O. Box 2114
Great Falls, MT 59403-2114
Telephone: (406) 452-2933
Facsimile: (406) 452-9920
mike@bestlawoffices.net

Attorney for Plaintiff

FILED

2012 AUG 15 PM 1 49

PATRICK E. DUFFY, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA,
MISSOULA DIVISION

| | |
|---|---|
| DAWN RUSTAD-LINK,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDENCE ST. JOSEPH MEDICAL CENTER, NATHANIEL BUFFINGTON, M.D., and DOES A through Z,<br><br>Defendants. | Cause No. CV 12-139-M-DLC-JCL<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, and for her claims against Defendants, complains and alleges as follows:

# I.
# JURISDICTION

1. Plaintiff Dawn Rustad-Link, hereinafter "Dawn," was, until August 2011, a resident of Polson, Lake County, Montana. She is currently a resident of Williston, Williams County, North Dakota.

2. Defendant Providence St. Joseph Medical Center, hereinafter "St. Joseph," is a rural community hospital located in Polson, Montana, and is owned by Providence Health and Services, a Washington Corporation with its main offices in Renton, Washington.

3. Defendant Nathaniel Buffington, M.D., hereinafter "Dr. Buffington," is, and was at all times pertinent hereto, a resident of Lake County, Montana.

# II.
# NEGLIGENCE

4. Dr. Buffington is a board certified family practice physician and is an employee of St. Joseph. He provides clinical care at St. Joseph Clinic, Emergency Room rotations at the St. Joseph ER, and serves as the Chief of Medical Staff at St. Joseph.

5. At about 3:50 a.m., on Wednesday, May 26, 2010, Dawn went to the St. Joseph Emergency Room with severe abdominal pain. She was given medications and released at about 6:45 a.m.

6. Dawn's pain continued, so she returned to the St. Joseph Emergency Room at about 4:45 p.m. on the same day with the same severe pain.

7. Dawn was admitted for observation and pain control at approximately 10 p.m. that night. During her hospitalization, an IV catheter was placed in Dawn's right groin.

8. Dawn's hospitalization at Saint Joseph, under the care of Dr. Buffington and other Saint Joseph staff, continued until her transfer by ambulance to St. Patrick Hospital in Missoula in the early hours of Saturday, May 29, 2010. Dawn was in critical condition.

9. Dawn was treated at St. Patrick Hospital for a small bowel obstruction and sepsis. Her right lower leg began to show poor circulation and tests revealed a dissection of her right femoral artery.

10. Attempts to save Dawn's leg were not successful, and as gangrene was developing, her right lower leg had to be amputated by St. Patrick's doctors on Wednesday, June 2, 2010. The pathology evaluation of the

amputated leg revealed vessel constriction and irreversible tissue death from lack of circulation.

11. St. Joseph, by and through the conduct of its staff, including Dr. Buffington, and Dr. Buffington individually, failed to exercise that degree of knowledge, skill, care and attention ordinarily possessed and used by qualified health care professionals in like circumstances, and violated the applicable standards of care as follows:

   (a) Negligently failed to assess, monitor, and manage Dawn's condition during her hospitalization at St. Joseph;

   (b) Negligently failed to fully inform Dawn or her husband, Gerald, of the necessity and risks of the placement of the IV line before obtaining consent to the procedure;

   (c) Negligently failed to employ and use reasonable care and diligence and the necessary medical skills demanded for the care and treatment of Dawn;

   (d) Negligently failed to use the care and skill ordinarily exercised in like cases by qualified health care practitioners;

   (e) Negligently failed to avoid injury to the femoral artery during the IV line placement procedure and to detect the injury;

 (f) Negligently failed to respond to the injury to the femoral artery;

 (g) Negligently failed to obtain a timely consultation with a physician qualified to treat Dawn's condition; and

 (h) Negligently failed to timely transfer Dawn to a medical facility capable of treating her condition.

12. The conduct of Defendants constitutes violations of the applicable standards of care and was a proximate cause of the injuries complained of, deprived Dawn of a chance of a better result, and increased the risk of harm to her.

13. As a direct and proximate result of the care and treatment provided Dawn by Defendants, she has suffered and continues to suffer extensive periods of disability and pain, sleeplessness and fatigue, financial and emotional damages, and loss of enjoyment of life, and she has incurred and will continue to incur medical expenses.

## III.
## DAMAGES

14. Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 13 above.

15. As a further direct and proximate result of the negligence of Defendants, the Plaintiff has suffered:

(a) Plaintiff's past and future damages, including but not limited to, pain and suffering, medical and life care expenses, earnings and earning capacity losses, and other related damages;

(b) Interruption and destruction of Plaintiff's established course of life;

(c) All general and special damages legally caused by Defendants' negligence under applicable law in an amount to be proven at trial;

(d) Past and future severe mental and emotional distress; and

(e) Non-economic damages to which the Plaintiff is entitled under applicable law.

WHEREFORE, PLAINTIFF REQUESTS THE FOLLOWING RELIEF:

1. Plaintiff's past and future special damages in amounts to be proven at trial;

2. Plaintiff's past and future general damages in amounts to be proven at trial;

3. Any and all additional relief as the Court deems appropriate.

Dated this 15 day of August, 2012.

                    **BEST LAW OFFICES, P.C.**

                    By: _____
                    Michael J. Best, Esq.
                    P.O. Box 2114
                    Great Falls, MT 59403-2114
                    Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated this 15 day of August, 2012.

                    **BEST LAW OFFICES, P.C.**

                    By: _____
                    Michael J. Best, Esq.
                    P.O. Box 2114
                    Great Falls, MT 59403-2114
                    Attorney for Plaintiff